**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5246**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

ANTONIO MCREYNOLDS,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00154-BO-1)

Submitted: July 29, 2011          Decided: August 9, 2011

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Reginald McReynolds pled guilty without a plea agreement to one count of larceny of personal property in violation of 18 U.S.C. §§ 7(3), 661 (2006), arising from his theft of a motorcycle on federal property. McReynolds' Guidelines range under the U.S. Sentencing Guidelines Manual (2010) was calculated at nine to fifteen months' imprisonment. At sentencing, the district court imposed an upward variance and sentenced McReynolds to sixty months' imprisonment. McReynolds appeals his sentence. We affirm.

This Court reviews the sentence imposed by the district court, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's Guidelines range. Id. at 49, 51. We must then consider whether the district court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts,"

2

or failed to explain sufficiently the selected sentence. Id. at 50-51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We also review whether the district court made an "individualized assessment based on the facts presented." Gall, 552 U.S. at 50; see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review") (internal quotation marks omitted).

If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. Although "we may consider the extent of any variance from the advisory Guidelines range, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Engle, 592 F.3d 495, 500 (4th Cir.), cert. denied, 131 S. Ct. 165 (2010) (internal quotation marks omitted). "[T]he fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." United States v. Morace, 594 F.3d 340, 346 (4th Cir.), cert. denied, 131 S. Ct. 307 (2010) (internal quotation marks omitted).

At sentencing, the court stated it had considered the § 3553(a) factors and explained that the sixty-month sentence was warranted in light of the nature and circumstances of the offense, McReynolds' history and characteristics, and the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for McReynolds, and to provide adequate deterrence to criminal conduct. The court emphasized McReynolds' pattern of repeatedly committing crimes of theft of motor vehicles and possessing stolen property. The court noted that McReynolds is a "chronic and serious thief of property and needs an extended prison sentence because apparently the state courts have failed to keep him off the streets and protect society from his repeated and almost uninterrupted theft." The court's rationale in this regard was both plausible and appropriately tied to the § 3553(a) factors. See Morace, 594 F.3d at 346.

McReynolds also contends that the amount of the upward variance was unreasonable because it was "three times above the top of the [G]uidelines range." We afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Engle, 592 F.3d at 500 (internal quotation marks omitted). Our deferential review of the district court's analysis of the § 3553(a) factors in

4

determining the fact and the amount of the variance discloses no abuse of discretion.

Accordingly, we affirm McReynolds' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED